UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Case No. 13-C-339
                                   (Criminal Case No. 11-Cr-235)

DIMITRIS D. JOYNER,

        Movant.

## DECISION AND ORDER

Pro se movant Dimitris Joyner ("Joyner"), who is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, accompanied by a petition and affidavit for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Joyner contends that the failure to credit his home confinement time toward his sentence violates his Eight Amendment rights and his counsel was ineffective in violation of his Sixth Amendment right to counsel for failing to raise the issue of sentence credit for his home confinement. Joyner requests correction of his sentence to afford him eight months and nine days of credit for the time prior to sentencing that he was on home confinement.

Joyner's motion is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A district court may dismiss a § 2255 motion without holding a hearing or requiring the government to respond if "the motion and the files and records of the case conclusively show that the prisoner

is entitled to no relief." *Gallo-Vasquez v. United States*, 402 F.3d 793, 797 (7th Cir. 2005) (quoting 28 U.S.C. § 2255 ¶ 2.) "If it plainly appears from the face of the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief in the district court, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings. *See also, Poe v. United States*, 468 F.3d 473, 477 (7th Cir. 2006).

Section 2255 of Title 28 of the United States Code authorizes a federal prisoner to ask the court which sentenced him to vacate, set aside, or correct his sentence, if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law." The Supreme Court has determined that the Attorney General of the United States is the party who properly must determine whether a prisoner is entitled to credit against his sentence; district courts are not authorized to compute any such credit at sentencing. *United States v. Wilson,* 503 U.S. 329, 334 (1992). When formulating a sentence, district courts do not have jurisdiction to take into account time served by a prisoner prior to sentencing. *United States v. Jones*, 34 F.3d 495, 499 (7th Cir. 1994). Additionally, defendants who spend time in pretrial home detention are not entitled to sentence credit. *See Reno v. Koray,* 515 U.S. 50, 57 (1995); *Rodriguez v. Lamer,* 60 F.3d 745, 747 (11th Cir. 1995); *Cucciniello v. Keller,* 137 F.3d 721, 724 (2d Cir. 1998). Therefore, Joyner's first claim does not state an arguable claim for relief.

Furthermore, any argument by trial counsel seeking sentencing credit for Joyner's home confinement would have been frivolous, and attorneys have a duty not to present frivolous arguments to the Court. *See Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005). Therefore, Joyner's second claim that counsel was ineffective to seek such credit also fails to state an arguable claim for relief. Therefore, Joyner's motion for relief pursuant to § 2255 is denied, his motion to proceed *in forma pauperis* is denied as moot,[1] and this action is dismissed with prejudice.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Having considered the foregoing standards, the Court declines to issue a certificate of appealability.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Joyner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**;

---

[1] There is no fee for filing a motion under 28 U.S.C. § 2255. *See* Advisory Committee's 1976 Note on Rule 3 of the Rules Governing Section 2255 Proceedings.

Joyner's motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED** as moot;

This action is **DISMISSED** with prejudice;

This Court declines to issues a certificate of appealability; and

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 5th day of April, 2013.

**BY THE COURT**

_____
**Hon. Rudolph T. Randa**
**U.S. District Judge**